# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

| | | |
|---|---|---|
| **BLEWETT THOMAS** | § | **PLAINTIFF** |
| | § | |
| v. | § | Civil Action No. 1:09cv754-HSO-JMR |
| | § | |
| **DGM FINANCIAL GROUP,** | § | |
| **INC.,** *et al.* | § | **DEFENDANTS** |

## MEMORANDUM OPINION AND ORDER GRANTING PLAINTIFF'S MOTION TO REMAND

BEFORE THE COURT is the Motion [4] to Remand this case to state court, filed by Plaintiff Blewett Thomas on November 10, 2009. The Court, having considered the record, the pleadings on file, and the relevant legal authorities, finds that Defendant Equifax, Inc. ["Equifax"], has not met its burden of demonstrating that this Court has subject matter jurisdiction. Remand to state court is therefore required.

## I. DISCUSSION

Plaintiff filed his Complaint in the County Court of Harrison County, Mississippi, First Judicial District, on June 12, 2009. Equifax removed the case to this Court on November 4, 2009. *See* Notice of Removal [1]. Equifax stated in its Notice of Removal that it was served with the Complaint on October 6, 2009, and that "[t]here [was] no record in the Harrison County Court's Docket that any other defendant was served to date." *Id.* at p. 1. Equifax invoked this Court's federal question jurisdiction, pursuant to 28 U.S.C. § 1331, based upon the Higher Education Act of 1965, Title IV. *See id.* at p. 2. Plaintiff filed a Motion to Remand, contending that this Court lacked federal subject matter jurisdiction over his claims, and that

the removal was procedurally defective for failure to obtain timely written consent to removal of all Defendants who had been served. *See* Pl.'s Mot. to Remand, at pp. 2-5.

Equifax subsequently filed a "Notice of Settlement" [7], indicating that it and Plaintiff had settled all claims between them in this matter and were in the process of completing the final closing documents. Equifax stated in its Notice that "[o]nce the executed settlement agreement is returned by Plaintiff, Equifax will not oppose remand of this action upon dismissal of Equifax from this case." Notice of Settlement [7], at p. 1. Equifax asked the Court to "retain jurisdiction for any other matters related to completing and/or enforcing the settlement." *Id.* Though it filed the state court record [6] after Plaintiff's Motion was filed, Equifax has not filed a Response to Plaintiff's Motion to Remand.

Parties cannot consent to federal subject matter jurisdiction where it is lacking. *See Bridgmon v. Array Systems Corp.*, 325 F.3d 572, 575 (5th Cir. 2003). As the removing party, Equifax bears the burden of demonstrating the existence of federal jurisdiction over the state court suit. *See Boone v. Citigroup, Inc.*, 416 F.3d 382, 388 (5th Cir. 2005); *Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir. 1988). Equifax has not met this burden, and therefore, the Court need not consider the alleged procedural defect in removal.

## II. CONCLUSION

Upon review of the record, the relevant pleadings, and the applicable law, and for the reasons more fully stated herein, the Court finds that remand to state court is appropriate. Accordingly,

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Plaintiff's Motion to Remand [4] filed November 10, 2009, is hereby **GRANTED**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, the above-captioned cause is hereby remanded to the County Court of Harrison County, Mississippi, First Judicial District, and that a certified copy of this Order of remand shall be immediately mailed by the Clerk to the clerk of the state court pursuant to 29 U.S.C. § 1447(c).

**SO ORDERED AND ADJUDGED,** this the 25th day of March, 2010.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE